NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSCAR ESPINOZA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>HSBC BANK, USA, NATIONAL ASSOCIATION AS TRUSTEE FOR NOMURA HOME EQUITY LOAN, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-FM1, OCWEN LOAN SERVICING LLC<br><br>　　　　　Defendants. | Civil Action No.: 12-cv-4874 (CCC)<br><br>**OPINION** |

**CECCHI**, **District Judge.**

I.　**INTRODUCTION**

　　This matter comes before the Court on the motion of HSBC Bank USA ("HSBC"), National Association, as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM1 and Ocwen Loan Servicing, LLC (collectively, "Defendants") to dismiss the Complaint of Oscar Espinoza ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions made in support of and in opposition to the instant motion.[1] The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Based on the reasons that follow, Defendants' motion to dismiss is

---

[1] The Court considers arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

granted. Plaintiff is granted fourteen (14) days in which to file an Amended Complaint that cures the pleading deficiencies discussed below.

## II.     BACKGROUND

Plaintiff owns real property located at 221 Ampere Parkway, Bloomfield, Essex County, New Jersey 07003 (the "Property"). (Compl., ¶ 1.) Plaintiff obtained title to the Property by way of a bargain and sale deed from Armanda Jaimes on August 30, 2005. (Compl., ¶ 2 and Exhibit A.) Plaintiff financed the purchase of the Property with a loan from FGC Commercial Mortgage Finance ("FGC"). (Def. Mot.) On August 30, 2005, Plaintiff executed to FGC a note in the sum of $372,000.00. (Compl., ¶ 4.) To secure payment of the note and obligation, Plaintiff executed a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for FGC. (Compl., ¶ 5.) On the same day, FGC assigned the promissory note to Fremont Investment & Loan. (Compl., ¶ 6.) Defendants allege that the mortgage was then assigned to HSBC on March 27, 2012. (Def. Mot.)

On March 2, 2012, foreclosure counsel for HSBC sent Plaintiff a Notice of Intention to Foreclose. (Compl., ¶ 8.) On June 13, 2012, Plaintiff filed suit in the Superior Court of New Jersey, Chancery Division, Essex County. Plaintiff's Complaint "contests any interest which defendants may allege in the property, and seek [sic] to quiet title on said property, pursuant to Rule 4:62-1 et. seq., and pursuant to N.J.S.A. 2a:62-1." (Compl., ¶ 9.) Defendants filed their motion to dismiss on August 8, 2012.

## III.    LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

2

Twombly, 550 U.S. 544, 570 (2007)).  In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Iqbal, U.S. at 678.

## IV.   DISCUSSION

Defendants argue that Plaintiff's complaint should be dismissed because Plaintiff has failed to allege sufficient facts that can be construed as entitling Plaintiff to relief.  (Def. Mot.)  Plaintiff opposes and argues that he has sufficiently pleaded his quiet title claim.  (Pl. Opp.)

The Third Circuit in Club Comanche, Inc. v. Government of the Virgin Islands explained that the pleading requirements for quiet title actions are established by a state's quiet title statute(s).  278 F.3d 250, 259 (2002).  New Jersey Court Rule 4:62-1 states that a complaint seeking to quiet title "shall state the manner in which plaintiff either acquired title or the right to possession and shall describe the property with such certainty that the defendant will be distinctly apprised of its location or character."  Importantly, N.J.S.A. § 2A:62-1 provides that "[a]ny person in the peaceable possession of lands in this state and claiming ownership thereof, may, when his title thereto, or any part thereof, *is denied or disputed*, or any *other person claims or is claimed to own the same* . . . and when no action is pending to enforce or test the validity of such title . . . maintain an action in the superior court to settle the title." (emphasis added).

3

As stated above, Plaintiff seeks to quiet title on the Property. His Complaint alleges that he owns real property located at 221 Ampere Parkway, Bloomfield, 07003, Essex Country, New Jersey, which was obtained by way of a bargain and sale deed from Jaimes Armando. (Compl., ¶¶ 1-2.) The Complaint further states that Defendants sent Plaintiff a Notice of Intention to Foreclose. (Compl., ¶ 8.) As such, Plaintiff "contests any interest which defendants may allege in the property, and seek [sic] to quiet title on said property, pursuant to Rule 4:62-1 et. seq., and pursuant to N.J.S.A. 2a:62-1." (Compl., ¶ 9.)

The Court finds Plaintiff's pleadings to be insufficient under Federal Rule of Civil Procedure 8(a)(2), which directs a plaintiff to set forth a "short and plain statement" showing that he is entitled to relief. Merely reciting the elements of the quiet title statute is insufficient under the federal pleading standards. For example, in Boykin v. MERS, No. 11-cv-4856, 2012 U.S. Dist. LEXIS 75225 (D.N.J. May 31, 2012), a pro se plaintiff filed an action against a multitude of defendants in New Jersey state court seeking to "quiet title" to property located in Englewood, New Jersey. Specifically, the plaintiff sought a declaratory judgment that she owned the property and also sought damages based on the defendants' alleged violations of various federal financial laws. Id. at *3. The defendants removed the action to federal court and then filed motions to dismiss. Id. at *4. The Court held, inter alia, that because "the Complaint consist[ed] almost exclusively of legal conclusions absent factual allegations," the defendants had satisfied the requirements of Rule 12(b)(6). Id. at *12. As such, the Court granted the defendants' motion to dismiss the plaintiff's quiet title action.

Recent cases from other districts are also instructive on the matter. Similar to New Jersey law, under Pennsylvania law, an action to quiet title may be brought "where an action of ejectment will not lie, to determine any right, lien, title, or interest in the land or determine the

4

validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land." Pa.R.C.P. No. 1061. In Jobe v. Bank of America, the plaintiff's complaint stated: "Defendants are not the owner or holder of any Promissory Note or Mortgage encumbering the [property]." No. 10-cv-1710, 2011 WL 4738225, at *1 (M.D. Pa. Oct. 6, 2011). The Court concluded that the complaint did not provide sufficient information to make an informed decision as to the "right, lien, title, or interest in the land." Id. at *6. Therefore, the Court held that the plaintiff's complaint did not satisfy the Pennsylvania quiet title pleading requirements.

Similarly, in Hawaii, an action to quiet title "may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim." Haw. Rev. Stat § 669-1(a). In Sakugawa v. Countrywide Bank F.S.B., the plaintiff's complaint stated that "Defendants . . . claim an interest in the Subject Property . . . [and] said Defendants have no legal or equitable right, claim, or interest in the Property." 769 F. Supp. 2d 1211, 1224 (2011). The Hawaii District Court held that the plaintiff did not meet the pleading requirements of Hawaii's quiet title statute, as it was "merely a formulaic recitation of an element of the claim." Id. Specifically, the complaint "fail[ed] to plead any facts suggesting what interests [were] being claimed by Defendants." Id.

Plaintiff argues in his opposition that he "is not required to state the claim made by the defendant which is the object of the suit to silence or extinguish." (Pl. Opp. 2-3.) Plaintiff relies on several nineteenth- and early twentieth- century New Jersey state court cases in support. See Arlington Realty Co. v. Gluck, 98 N.J. Eq. 62 (N.J. Ch. 1925); Bishop v. Waldron, 56 N.J. Eq. 484, 486 (N.J. Ch. 1898); Ludington v. Elizabeth, 32 N.J. Eq. 159, 161-62 (N.J. Ch. 1880); Bogert v. City of Elizabeth, 27 N.J. Eq. 568, 572 (N.J. E&A 1876). However, in light of the

heightened pleading requirements of Twombly and Iqbal, and the District Court cases discussed above, these older state court decisions are not persuasive. As this Court and other District Courts have held, a complaint that consists almost exclusively of legal conclusions without further factual allegations is insufficient. To the contrary, a plaintiff alleging a quiet title cause of action must provide necessary information about the disputed interests in the property. See Sakugawa v. Countrywide Bank F.S.B. 769 F. Supp. 2d 1211(2011); Jobe v. Bank of America, 3:10-CV-1710, 2011 WL 4738225 (M.D. Pa. Oct. 6, 2011). Importantly, such facts must be alleged in Plaintiff's Complaint – not in his brief opposing a motion to dismiss. See Faistl v. Energy Plus Holdings, LLC, CIV.A. 12-2879 JLL, 2012 WL 3835815 (D.N.J. Sept. 4, 2012) (holding that a "complaint may not be amended by the briefs in opposition to a motion to dismiss") (citations omitted).

Because Plaintiff merely states that he received a Notice of Intention to Foreclose and that he "contest[s] any interest which defendants may allege in the property" (Compl.), he has not alleged sufficient facts to satisfy the pleading requirements of Fed. R. Civ. P. 8(a). As such, Defendants' motion to dismiss is granted.[2]

## V. **CONCLUSION**

Based on the reasons set forth above, Defendants' motion to dismiss Plaintiff's Complaint is granted. To the extent the deficiencies in Plaintiff's claim can be cured by way of amendment, Plaintiff is granted fourteen (14) days to reinstate this matter and file an Amended

---

[2] Defendants also argue that the Court should abstain from hearing Plaintiff's case pursuant to the Colorado River Abstention Doctrine or, in the alternative, that the Court should dismiss the action pursuant to the "Entire Controversy" doctrine. (Def. Reply.) Because the Court grants Defendants' motion based on the reasons set forth above, it need not reach these issues at this time. Defendants may renew their arguments in response to Plaintiff's amended pleading, to the extent one is filed. The Court also declines to address, at this early stage, the parties' arguments regarding the validity of the mortgage assignment.

Complaint solely for purposes of amending such claims. To the extent Plaintiff seeks to add any additional claims, a formal motion to amend should be filed in accordance with all applicable local and Federal rules, as well as any scheduling order which may be in place.

    An appropriate Order accompanies this Opinion.


DATED: March 19, 2013

                                                  **CLAIRE C. CECCHI, U.S.D.J.**